Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Deauntay Alexander**

Case No. **25-42434**
CHAPTER 13 PLAN ☑ Modified
Dated **April 2, 2026**

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br><br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $__ (including balance on hand of $**0**).
2.2 After the date of this plan, the debtor will pay the trustee $**10,900.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| **$237.50** | **08/2025** | **03/2026** | **8** | **$1,900.00** |
| **$300.00** | **04/2026** | **03/2026** | **30** | **$9,000.00** |
| | | | PART 2.2 SUBTOTAL: | **$10,900.00** |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **0.00**.
2.5 The debtor will pay the trustee a total of $**10,900.00** [lines 2.1 + 2.2 + 2.4].
2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **The debtor shall send the Trustee each year during the Chapter 13 Plan copies of his/her federal and state income tax returns at the time they are filed. The debtor shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. If the debtor files taxes individually, the debtor shall be entitled to retain the first $1,200 of refunds plus any Federal Earned Income credit (EIC) plus any Minnesota Working Family (WFC) credit.**

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $**1,090.00** [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of Property |
|---|---|---|

Local Form 3015-1
REVISED 09/2025

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ments | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | | | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | | Remaining trustee installment payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | | | ☐ Debtor<br>☐ Trustee | | | | | |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Begin-ning in MM/YY | Monthly payment | # of payments | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ☐ | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | TOTAL: | **$0.00** |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ☐ | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **8.1** | **Attorney Fees** | **$1,200.00** | | **$240.00** | **5** | **$** | **$** | **$1,200.00** |
| **8.2** | **INTERNAL REVENUE SERVICE** | **$3,000.00** | | **$230.77** | **13** | **$** | **$** | **$3,000.00** |
| **8.3** | **MN DEPT OF REVENUE** | **$150.00** | | **$11.54** | **13** | **$** | **$** | **$150.00** |
| | | | | | | | TOTAL | **$4,350.00** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **9.1** | **MN CHILD SUPPORT PYMT CTR** | **$0.00** | | **$0.00** | **0** | **$** | **$** | **$0.00** |
| **9.2** | **NASHA REED** | **$0.00** | | **$0.00** | **0** | **$** | **$** | **$0.00** |
| | | | | | | | TOTAL | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | | |
| | | | | | | | | TOTAL | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | **$0.00** |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | **$143,359.00** |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | **$143,359.00** |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | **4.00** |

| | |
|---|---|
| Estimated remaining payments | **$5,370.00** |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | **$5,370.00** |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered

collateral upon confirmation of the plan.

| | Creditor | Description of property *(including complete legal description of real property)* |
|---|---|---|
| **13.1** | **ONEMAIN FINANCIAL** | **2016 Buick Verano 130,000 miles Not running.** |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **-NONE-** | a. Amount of lien | | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| **15.1** | **SURRENDER and RELIEF FROM STAY: Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. In the event of the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any secured creditor listed in parts 4, 5, 6, 7, 8, 9, 10, or 13 for any reason, the trustee shall pay any deficiency as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.** |
| **15.2** | **Student loans shall each be paid its pro-rata share as a nonpriority general unsecured creditor by the trustee.** |
| **15.3** | **APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.** |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | **1,080.00** |
| Maintenance of payments and cure of default, if any [Part 5] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 7] | $ | **0.00** |
| Priority claims [Part 8] | $ | **4,350.00** |
| Domestic support obligation claims [Part 9] | $ | **0.00** |
| Separate classes of unsecured claims [Part 10] | $ | **0.00** |
| Timely filed unsecured claims [Part 11] | $ | **5,370.00** |
| TOTAL (must equal line 2.5) | $ | **10,800.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **/s/ Matthew M. Tande**
**Matthew M. Tande 388339**

Signed: **/s/ Deauntay Alexander**
**Deauntay Alexander**
Debtor 1

Signed: ______________________

Attorney for debtor Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Deauntay Alexander

BKY No. 25-42434–WJF
Chapter 13

Debtor.

## NOTICE OF HEARING AND MOTION TO APPROVE MODIFIED PLAN

TO: The Debtor; US Trustee; Chapter 13 Trustee; and creditors and parties in interest.

1. The Debtor, by the undersigned attorney, moves the court for approval of the modified plan dated April 2, 2026.

2. The court will hold a hearing on this motion at 10:00 a.m. on Thursday, May 28, 2026. The hearing will be conducted telephonically. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic hearings will also be displayed the day prior to the hearing on Judge Fisher’s public calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

3. Any objection to this modified plan must be filed and served not later than Thursday, May 21, 2026 which is 7 days before the time set for the hearing including Saturdays, Sundays and holidays. UNLESS AN OBJECTION TO THE PLAN IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this motion pursuant to 28 U.S.C. Sec 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. The petition commencing this Chapter 13 case was filed. This case is now pending in this court.

5. The plan is being modified to cure plan payment arrears and extend the plan term to ensure as much is paid in as was stated in the originally filed plan.

Dated: April 2, 2026

**Prescott, Pearson & Tande, P.A.**

/s/ Matthew M. Tande
Matthew M. Tande, Atty Reg. No. 388339
443 Old Highway 8 NW, Suite 208
New Brighton, MN 55112
Telephone: (651) 633-2757
Attorneys for Debtor

**VERIFICATION**

Deauntay Alexander, the Debtor named in the Notice of Hearing and Motion to Approve Modified Plan, declares under penalty of perjury that the information therein contained is true and correct to the best of my knowledge, information, and belief.

Dated: 4/10/2026

Signed: ______________________________
Deauntay Alexander, Debtor

DISTRICT OF MINNESOTA
UNITED STATES BANKRUPTCY COURT

---

In re:

Deauntay Alexander

Debtor(s) Bky Case No: 25-42434
Chapter 13

UNSWORN DECLARATION OF SERVICE

---

Janet Kedrowski, an employee of Prescott Pearson & Tande PA, attorneys licensed to practice law in this court, with office address of 443 Old Highway 8 Northwest Suite 208, P.O. Box 120088, New Brighton, Minnesota 55112, declares that on April 14, 2026, she served the annexed Notice of Hearing to Approve Modified Plan and Modified Chapter 13 Plan upon each of the entities named below by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at New Brighton, Minnesota, addressed to each of them as follows:

---

SEE ATTACHED LIST

---

and delivered to each entity below by way of electronic transmission by the United States Bankruptcy Court:

Gregory Burrell, Trustee
Office of the US Trustee

---

And she declares under penalty of perjury, that the foregoing is true and correct.

Executed: April 14, 2026

/e/ Janet Kedrowski

Janet Kedrowski

ASPIRE CREDIT CARD
JEFFERSON CAPITAL SYSTEMS LLC
200 14TH AVE E
SARTEKK MN 56377

AVANT
JEFFERSON CAPITAL SYSTEMS, LLC
200 14TH AVE E
SARTELL MN 56377

BRIDGE IT INC
36 W 20TH STREET
FLOOR 11
NEW YORK NY 10011-4241

CAPITAL ONE NA
PO BOX 3025
NEW ALBANY OH 43054-3025

CCB
33 NORTH LASALLE ST
CHICAGO IL 60602

CFNA
ATTN: BANKRUPTCY
PO BOX 81315
CLEVELAND OH 44181

CREDIT FIRST NA
PO BOX 818011
CLEVELAND OH 44181-8011

CREDIT ONE BANK
MIDLAND CREDIT MGMT
PO BOX 939069
SAN DIEGO CA 92193

CREDIT ONE BANK
ATTN: BANKRUPTCY DEPT
6801 CIMARRON RD
LAS VEGAS NV 89113

DEAUNTAY ALEXANDER
5324 PENNSYLVANIA AVE N
NEW HOPE MN 55428-3818

DISCOVER
PO BOX 6105
CAROL STREAM IL 60197-6105

EARNIN
ATTN LEGAL
391 SAN ANTONIO RD 3RD FLOOR
MOUNTAIN VIEW CA 94040-1267

FINWISE BANK RISE
NCB MANAGEMENT SERVICES
1 ALLIED DRIVE
TREVOSE PA 19053

FIRST PREMIER BANK
3820 N LOUISE AVE
SIOUX FALLS SD 57107

FIRST SAVINGS BANK BLAZE
ATTN: BANKRUPTCY
1500 S HIGHLINE AVE
SIOUX FALLS SD 57110-1003

HENNEPIN CNTY SUPPT COLLECT
9A GOVERNMENT CENTER
300 S 6TH STREET
MINNEAPOLIS MN 55487

HENNEPIN COUNTY ATTYS OFFICE
CHILD SUPPORT DIVISION
110 S 4TH ST - FAMILY JUST CTR
MINNEAPOLIS MN 55401

HUNTINGTON BANK
ATTN: BANKRUPTCY
41 S HIGH ST
COLUMBUS OH 43215

HUNTINGTON NATIONAL BANK
PO BOX 89424
OPC856
CLEVELAND OH 44101-6424

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JEFFERSON CAPITAL SYSTEMS
PO BOX 7999
ST CLOUD MN 56302-7999

LANDMARK STRATEGY GROUP
C/O WEINSTEIN & RILEY
1415 WESTERN AVE STE 700
SEATTLE WA 98101-2051

LENDINGPOINT
1201 ROBERTS BLVD STE 200
`
KENNESAW GA 30144-3612

LVNV FUNDING
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

LVNV FUNDING RESURGENT CAPITAL
CREDIT ONE BANK
PO BOX 10497
GREENVILLE SC 29603

LVNV FUNDING RESURGENT CAPITAL
SURGE CELTIC BANK
PO BOX 10497
GREENVILLE SC 29603

LVNV FUNDING RESURGENT CAPITAL
FIRST ACCESS BANK OF MO
PO BOX 10497
GREENVILLE SC 29603

LVNV FUNDING RESURGENT CAPITAL
COMENITY BANK HELZBERG
PO BOX 10497
GREENVILLE SC 29603

MERRICK BANK
RESURGENT CAPITAL SERVICES
PO BOX 10368
GREENVILLE SC 29603-0368

MERRICK BANK CORP
PO BOX 9201
OLD BETHPAGE NY 11804

MESSERLI KRAMER PA
3033 CAMPUS DR STE 250
PLYMOUTH MN 55441

MIDLAND CREDIT MANAGMENT INC
PO BOX 2037
WARREN MI 48090-2037

MILESTONE CREDIT CARD
JEFFERSON CAPITAL SYSTEMS, LLC
200 14TH AVE E
SARTEKK MN 56377

MINNESOTA CHILD SUPPORT
O/B/O NASHA REED
PO BOX 1234
MINNEAPOLIS MN 55440-1234

MISSION LANE LLC
PO BOX 105286
ATLANTA GA 30348

MN CHILD SUPPORT PYMT CTR
PO BOX 64946
ST PAUL MN 55164

MN DEPT OF REVENUE
551 BKY SECTION CEU DEPT
PO BOX 64447
ST PAUL MN 55164

MOHELA
CLAIMS DEJPARTMENT
633 SPIRIT DR
CHESTERFIELD MO 63005

NASHA REED
8016 BLOOMINGTON AVENUE SOUTH
BLOOMINGTON MN 55417

NCB MANAGEMENT SERVICES
ONE ALLIED DRIVE
TREVOSE PA 19053-6945

ONEMAIN FINANCIAL
PO BOX 1010
EVANSVILLE IN 47706

ONEMAIN FINANCIAL GROUP
PO BOX 3251
EVANVILLE IN 47731-3251

PINNACLE CREDIT SERVICES
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

PREMIER BANKCARD LLC
JEFFERSON CAPITAL SYSTEMS
PO BOX 7999
ST CLOUD MN 56302-7999

PROGRESSIVE
CAINE & WEINER
5805 SEPULVEDA BLVD 4TH FL
SHERMAN OAKS CA 91411

QUANTUM3 GROUP LLC
CREDIT CORP SOLUTIONS INC
PO BOX 788
KIRKLAND WA 98083-0788

REPUBLIC BANK & TRUST
NCB MANAGEMENT SERVICES
1 ALLIED DRIVE
TREVOSE PA 19053

SEZZLE
BANKRUPTCY DEPARTMENT
700 NICOLETT MALL #640
MINNEAPOLIS MN 55402-2050

SPRINT
JEFFERSON CAPITAL SYSTEMS LLC
200 14TH AVE E
SARTEKK MN 56377

TARGET NATIONAL BANK
PO BOX 660170
DALLAS TX 75266-0170

UPGRADE INC
2 N. CENTRAL AVE
10TH FLOOR
PHOENIX AZ 85004-2322

UPLIFT INC.
FINEWISE
2 N CENTRAL AVE FLOOR 10
PHOENIX AZ 85004-4422

WELLS FARGO BANK NA
PO BOX 169005
IRVING TX 75016-9005

WELLS FARGO DEALER SERVICES
ATTN: BANKRUPTCY
1100 CORPORATE CENTER DRIVE
RALEIGH NC 27607

XCEL ENERGY
TRANSWORLD SYSTEMS INC
500 VIRGINIA DR #514
FT WASHINGTON PA 19034

ZIP
228 PARK AVE S
NEW YORK NY 10003